UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CECILIA GODINES, individually, and on behalf of others similarly situated,

Plaintiff,

v.

DOLLAR TREE STORES, INC., et al.,

Defendants.

No. 2:25-cv-01743-TLN-CSK

**ORDER**

This matter is before the Court on Defendant Dollar Tree Stores, Inc.'s ("Defendant") Motion to Deny Class Certification ("Motion"). (ECF No. 11.) Plaintiff filed an opposition, and Defendant filed a reply. (ECF Nos. 19, 24.) For the reasons set forth below, Defendant's Motion is GRANTED.

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this wage and hour putative class action in Sacramento County Superior Court on May 9, 2025, asserting claims for violations of state employment law. (ECF No. 1 at 16.) Defendant subsequently removed the case to this Court. (*Id.*) The parties have stipulated to a protective order, which was adopted by the U.S. Magistrate Judge assigned to this matter. (ECF No. 16.)

The deadline for discovery related to class certification was modified several times, first by an amended scheduling order entered by the Court on August 20, 2025, then, over Defendant's opposition, on March 9, 2026, and most recently by stipulation of the parties on May 19, 2026. (ECF Nos. 8, 22, 23, 26.) Class certification discovery is now set to close on March 5, 2027. (ECF No. 26.)

Plaintiff filed the instant Motion on December 1, 2025. (ECF No. 11.) The Motion is fully briefed. (ECF Nos. 19, 24.)

## II. STANDARD OF LAW

A court may certify a class if a plaintiff demonstrates all the prerequisites of Federal Rule of Civil Procedure ("Rule") 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met. Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(a) requires numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b); *Vigil v. Michaels Stores Procurement Co., Inc.*, No. 2:23-CV-00163-TLN-AC, 2025 WL 776565, at *1 (E.D. Cal. Mar. 11, 2025).

The defendant may file a preemptive motion to deny class certification or to strike the class allegations from the complaint even if the plaintiff has not moved to certify the class. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). Even in cases where the defendant files the motion to deny class certification, the plaintiff bears the burden of

demonstrating that each of Rule 23(a)'s four requirements and at least one requirement of Rule 23(b) are met. *Narouz v. Charter Comm'n, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010).

## III. ANALYSIS

Defendant argues class certification should be denied because Plaintiff opted out of the standard arbitration agreement its employees are required to sign, so her claims are not typical of the proposed class, and she would not be an adequate representative. (ECF No. 11 at 9–15.) According to Defendant, the Motion is ripe for consideration because a preemptive motion to deny class certification is appropriate where, as here, further discovery is not necessary to resolve the relevant questions. (ECF No. 11 at 9–11; ECF No. 24 at 8–10.) Plaintiff responds that the Court should permit further discovery before deciding whether she satisfies these requirements, Defendant cannot show class certification is impossible, and Plaintiff's decision to opt out of arbitration does not destroy typicality or adequacy. (ECF No. 19 at 7–8, 13–23.)

### A. Timing of the Motion to Deny Class Certification

Defendant contends a preemptive motion to deny class certification is a procedurally proper vehicle for the Court to resolve questions under Rule 23 without the need for further discovery. (ECF No. 11 at 9–11.) Plaintiff urges the Court to deny the Motion as premature, since she has not had a "meaningful" opportunity to conduct discovery regarding the number of employees who have opted out of arbitration. (ECF No. 19 at 13–19.)

At the outset, Defendant is correct that a preemptive motion to deny class certification is procedurally proper under Rule 23. *See Vinole*, 571 F.3d 935, 939 ("Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification."). Plaintiff asserts that motions to deny class certification before discovery is conducted are "disfavored." (ECF No. 19 at 13–14.) Indeed, some courts have so held in situations where there is insufficient information from which to make a determination on class certification. *See, e.g.*, *Leon v. Standard Ins. Co.*, No. 215CV07419ODWJC, 2016 WL 768908, at *3 (C.D. Cal. Jan. 28, 2016) ("Here, the pleadings alone do not show that class certification would never be appropriate.").

However, the Court need not permit additional discovery when denial is proper based on the undisputed facts. *See Valencia v. VF Outdoor, LLC*, No. 1:20-CV-01795-DAD-SKO, 2021

WL 5154161, at *3 (E.D. Cal. Nov. 5, 2021), *report and recommendation adopted,* No. 1:20-CV-01795-DAD-SKO, 2021 WL 5811932 (E.D. Cal. Dec. 7, 2021) ("Defendant's motion is premised solely on two facts: (1) a majority of the putative class members signed the Arbitration Agreement; and (2) Plaintiff did not. Since neither is in dispute, discovery regarding the identities of the putative class members who signed the Arbitration Agreement and the circumstances surrounding it is not germane to the merits of Defendant's motion."). The Ninth Circuit has said that "[a]lthough in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985). As explained below, Plaintiff fails to carry the burden of advancing a prima facie showing with respect to the adequacy and typicality requirements under Rule 23. Courts typically find that a preemptive motion to decertify a class is premature only if the parties have not yet had the opportunity to engage in "meaningful" discovery (which they have done here).[1] *See, e.g.*, *In re Outlaw Lab'y, LP Litig.*, No. 3:18-CV-1882-GPC-BGS, 2019 WL 2358692, at *7 (S.D. Cal. June 4, 2019) ("[I]f courts are satisfied that the plaintiff has obtained meaningful discovery . . . an early disposition of the class certification question [is] appropriate."); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 616 (N.D. Cal. 2007) ("[P]laintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery.").

Plaintiff, while accepting some responsibility for being insufficiently "aggressive," faults Defendant for delaying the discovery process by refusing to produce documents until a protective order had been entered by the Court. (ECF No. 19 at 10–13, 17.) In reply, Defendant conversely places the blame on Plaintiff for lack of diligence in pursuing discovery. (ECF No. 24 at 7–8.) Even accepting, for purposes of argument, that there was some delay attributable to Defendant in the meet and confer process regarding the protective order, Plaintiff did not attempt to pursue

[1] *See* discussion *infra* section III.B regarding the discovery already conducted between the parties.

discovery for nine months after filing this suit. (ECF No. 24 at 7–8; ECF No. 19-1 at 4 (declaration of Plaintiff's counsel stating that "due to inadvertence, mistake, and/or excusable neglect . . the twelve-week and six-week reminders for the advanced deadline for completion of class certification discovery was not properly updated in Plaintiff's counsel's calendar").)

Furthermore, Plaintiff acknowledges that there is only a "limited sub-group" of class members who have opted out of arbitration (ECF No. 19 at 18), and thus "additional discovery is not required to decide the merits of Defendant['s] motion." *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 958 (N.D. Cal. 2017). Therefore, the Court finds that the Motion is not premature and further discovery is not necessary to resolve it.

B. <u>Adequacy and Typicality Under Rule 23</u>

Defendant next argues that Plaintiff cannot satisfy the adequacy or typicality requirements for class representative status under Rule 23 because members of the class are bound by arbitration agreements[2] whereas Plaintiff is not. (ECF No. 11 at 11–15.) Plaintiff maintains that Defendant has failed to carry its burden under "a Rule 12(b)(6)-type standard" to demonstrate that class certification would be impossible based upon the allegations in the Complaint. (ECF No. 19 at 19 (quoting *Otto v. Abbott Lab'ys, Inc.*, No. 512CV01411SVWDTB, 2015 WL 12776591, at *2 (C.D. Cal. Jan. 28, 2015)).) Plaintiff also disputes that her decision to opt out of arbitration destroys adequacy and typicality under Rule 23 because "there is a split of authority in the Ninth Circuit" on this question. (*Id.* at 21.)

To bring a class action under Rule 23, the class representative must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" and "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)–(4). The typicality analysis "tend[s] to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982).

---

[2] Defendant also argues that Plaintiff lacks standing to challenge arbitration agreements entered into by other employees. (*Id.* at 11.) However, Plaintiff does not contend that these agreements are unenforceable with respect to other members of the class. Rather, Plaintiff argues that some members, like her, have opted out of the agreements. (ECF No. 19 at 17–18.)

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). To properly represent the class, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)).

Defendant submits declarations and evidence to show that since 2014 its employees have been required to sign an arbitration agreement[3] before beginning their employment. (ECF No. 11-1–11-3.) Plaintiff does not dispute the existence or enforceability of these agreements, but she argues the Court cannot consider any information beyond the Complaint because it is bound to employ a "Rule 12(b)(6)-type standard" which forbids consideration of extrinsic evidence. (ECF No. 19 at 19–20 (quoting *Otto*, 2015 WL 12776591, at *2).) For this proposition, Plaintiff cites *Otto*, 2015 WL 12776591, at *2, which held that if a motion to deny class certification is filed "early in a case — before discovery is substantially complete — a Rule 12(b)(6)–type standard is employed, so the defendant must demonstrate that it would be impossible for the plaintiff to certify a class based on the allegations set forth in the complaint." *Otto*, in turn, cited two district court cases that held similarly. *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484 (D.S.C. 1991); *Picus v. Wal–Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009). As Defendant points out (ECF No. 24 at 12), *Otto* is an unpublished decision, and other district courts confronted with a similar procedural posture to the one at bar have placed the burden on the plaintiff, in line with the usual analysis conducted under Rule 23. *See, e.g.*, *Conde*, 223 F. Supp. 3d at 958–63 (placing

[3] This agreement has been updated a number of times over the years, but the versions at issue here are the ones used by Defendant in October 2020, July 2023, and May 2025. (ECF No. 11 at 7–9.) Plaintiff does not argue that any of these agreements are unenforceable. (*See generally* ECF No. 19.) Therefore, any differences between them are immaterial.

burden on plaintiffs to demonstrate typicality under Rule 23 despite the fact that "'discovery ha[d] not yet taken place'" (citation omitted)).

The *Otto* line of cases appears to contradict the Ninth Circuit's statement in *Mantolete* that "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations." 767 F.2d at 1424. In any event, as in *Otto*, it seems that "the parties have taken substantial discovery," and thus, even if the Court were to follow the reasoning of that case, it should conduct "'a straightforward Rule 23 analysis.'" 2015 WL 12776591, at *2 (quoting Newberg, *Newberg on Class Actions* § 7:22 (5th ed. 2013)). Indeed, Plaintiff's opposition acknowledges that substantial discovery has already taken place. (ECF No. 19 at 11 ("Plaintiff produced hundreds of pages of documents . . . . Defendant took Plaintiff's deposition on November 4, 2025."), 17–18 ("[O]nce the protective order was entered by the Court, Defendant provided information to Plaintiff's counsel that it contends is 'confidential' regarding the number of employees it claims – like Plaintiff – are part of the putative class and opted out of the arbitration program.") (emphasis omitted).)

Plaintiff does not seriously dispute Defendant's factual claims — namely, that there is an enforceable arbitration agreement between Defendant and a majority of the class — aside from claiming[4] that Defendant produced information regarding the number of employees who opted out of the arbitration program, and that Defendant "cannot contend that Plaintiff does not satisfy the . . . requirements of Rule 23, at a minimum, as to th[is] limited sub-group. . . ." (ECF No. 19 at 18 (emphasis omitted).) Indeed, it appears that Defendant does not dispute in the present

---

[4] Plaintiff asserts Defendant has prevented her from disclosing to the Court the number of employees who opted out of arbitration agreements by claiming that this information is confidential under the protective order in place between the parties. (*Id.* at 17–18.) The protective order includes provisions for filing confidential information under seal with the Court, an option, of which, Plaintiff evidently chose not to avail herself. (ECF No. 16 at 13 ("Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.").) Plaintiff also argues that "Defendant offers no evidence as to how many putative class members agreed to arbitrate their claims." (ECF No. 19 at 23.) Again, it is Plaintiff's burden to demonstrate the requirements under Rule 23. *Narouz*, 591 F.3d at 1266.

Motion whether class status is appropriate for employees who have opted out of the arbitration agreements.[5]

Instead, Plaintiff contends that her decision to opt out of the arbitration agreement does not defeat class status under Rule 23 because there is a "split of authority" in the Ninth Circuit on this question. (ECF No. 15–18.) While there is no binding authority from the Ninth Circuit resolving the question of whether arbitration agreements with absent class members defeat class status, some district courts have relied on an unpublished case from the Ninth Circuit in finding that they do. *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015). There, the Ninth Circuit reversed the district court's finding of adequacy and typicality after it "certified classes and subclasses that include[d] employees who signed class action waivers [because the plaintiff's] arbitration agreement d[id] not contain a class action waiver and counsel did not dispute that those who signed such waivers have potential defenses that [the plaintiff] would be unable to argue on their behalf." *Id.* at 579; *see, e.g.*, *Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (citing *Avilez* for the proposition that a class of current and former employees could not include members with arbitration agreements when the named plaintiffs did not).

In any event, the cases Plaintiff cites are distinguishable, and some, in fact, support Defendant's position that mandatory arbitration agreements destroy adequacy and typicality. Plaintiff quotes the court's statement in *Berman v. Freedom Financial Network, LLC*, 400 F. Supp. 3d 964, 985 (N.D. Cal. 2019), that there is a "general rule, as followed by numerous courts in the Ninth Circuit, that the existence of affirmative defenses applicable to some members of the putative class but not the representative, such as execution of a mandatory arbitration agreement,

[5] In the Motion, Defendant states that it "respectfully moves for an order denying class certification and confirming that Plaintiff cannot represent any class that includes Dollar Tree associates subject to arbitration" and clarifies that it "reserves its right to raise additional and different issues in response to Plaintiff's anticipated motion to certify." (ECF No. 11 at 6.) In its reply, Defendant similarly states that it "does not suggest that those who opted-out of arbitration cannot be a part of this putative class." (ECF No. 24 at 6.) While in the Motion, Defendant "maintains that no class would be appropriate here — and will demonstrate as such at the appropriate time," the Court understands the present Motion to be directed solely at those members of the class who are subject to arbitration. (ECF No. 11 at 6 n.2, 15.)

does not render the class representative atypical or inadequate," but does so out of context. (ECF No. 19 at 22.) The *Berman* court, while acknowledging that some district courts had agreed with this argument, found that under the facts of the case, "litigation of the . . . mandatory arbitration defense[] applicable to absent class members threatens to overwhelm other issues in the litigation" and that "plaintiff has not offered authority establishing that he, as a party to whom the arbitration agreement . . . would *not* apply, can litigate [its] application to all members of the putative class." *Id.* at 987.

As Defendant correctly notes, *Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270, 314 (N.D. Cal. 2016), was a case involving multiple defendants, some of whom had reached settlement agreements with members of the proposed class. (ECF No. 24 at 13.) Under those facts, individual issues involving "arbitration agreements [we]re unlikely to preclude class members from proceeding with their claims against other [d]efendants." *Nitsch*, 315 F.R.D. at 314. Those concerns are obviously not at issue here.

Similarly, the *Nitsch* court's discussion of typicality does not support Plaintiff's position. The *Nitsch* court found that the arbitration agreements did not defeat typicality because they did not "threaten to become the focus of the litigation." *Id.* at 284 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, there is no dispute that, aside from a "limited subgroup," Defendant has signed an enforceable arbitration agreement with all members of the class. (ECF No. 19 at 18.) Most of the cases Plaintiff relies upon involved scenarios where the number of class members bound by an arbitration agreement was relatively small, and the possibility of enforcement was speculative. (ECF No. 19 at 21–22 (citing cases)); *see, e.g., Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011) ("The fact that *some* members of a putative class *may have* signed arbitration agreements or released claims against a defendant does not bar class certification.") (emphasis added); *Baker v. Castle & Cooke Homes Hawaii, Inc.*, No. CIV. 11-00616 SOM-RL, 2014 WL 1669131, at *10 (D. Haw. Jan. 31, 2014), *report and recommendation adopted as modified,* No. CIV. 11-00616 SOM, 2014 WL 1669158 (D. Haw. Apr. 28, 2014) ("[T]he possibility that C & C *may* attempt to enforce an arbitration agreement entered into *by a portion* of the members of the class does not stand in the way of class

certification.") (emphasis added); *Mora v. Harley-Davidson Credit Corp.*, No. 1:08-CV-1453 AWI BAM, 2012 WL 3245518, at *1 (E.D. Cal. Aug. 7, 2012) ("[T]he Court does not find the fact that some class members may be subject to an arbitration agreement is grounds for [denying the motion to certify the class] — (1) it is unknown how many class members are subject to the agreement; (2) it is unknown whether Defendants will even attempt to enforce the arbitration provision."); *but see, e.g.*, *Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 902 (N.D. Cal. 2015) ("Here, whether an absent class member is bound by the arbitration clause is a question that can be dealt with on a class-wide basis, as it does not appear that there will need to be an individualized inquiry as to whether the arbitration clause is generally enforceable.").

By contrast, courts regularly find class certification improper when the proposed class representative is in the minority of class members who are not bound by an arbitration agreement. *See, e.g.*, *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) (affirming denial of class certification where "only two of Grubhub's thousands of delivery workers in California — Lawson and one other — had opted out of the arbitration and class action waiver"); *Conde*, 223 F. Supp. 3d at 961 ("The Court disagrees with this proposition, which would essentially permit courts to ignore arbitration agreements signed by every absent class member, so long as there is one named plaintiff who is not bound by the arbitration agreement."); *Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (finding that the adequacy and typicality requirements were not met where all class members employed after July 17, 2009 were subject to arbitration whereas the named plaintiffs were not).

In sum, the Court therefore finds that Plaintiff's representation of a class that includes members who have not opted out of their arbitration agreement with Defendant does not satisfy the adequacy or typicality requirements of Rule 23.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Deny Class Certification is GRANTED as to those members of the putative class who are subject to arbitration with Defendant. (ECF No. 11.)

//

//

IT IS SO ORDERED.

DATE: September 29, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE